**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

In re
SYLVIA MARIE BYRNES,

        Debtor.                                      Bankr. Adv. No. 20-1070-t

BARRY J. BYRNES,

        Plaintiff,

v.                                            CV 21-00295 MV/JHR

SYLVIA MARIE BYRNES,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       THIS MATTER comes before the Court on Plaintiff Barry J. Byrnes' Motion for Withdrawal of Reference [Doc. 1], filed March 31, 2021, and Mr. Byrnes' Motion to set a Date for a District Court Pre-Trial Conference and for Related Relief (Rule 16) [Doc. 22], filed October 27, 2021. Pursuant to 28 U.S.C. § 636(b), presiding District Judge Martha Vazquez referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 7]. Having thoroughly reviewed the parties' submissions and the relevant law, I recommend the Court deny Mr. Byrnes' Motion for Withdrawal of Reference [Doc. 1] without prejudice. I further recommend the Court dismiss Mr. Byrnes' Motion to set a Date for a District Court Pre-Trial Conference and for Related Relief (Rule 16) [Doc. 22].

I.     **BACKGROUND**

On October 30, 2020, Sylvia Marie Byrnes filed her petition for relief under Chapter 7 of the Bankruptcy Code. [Doc. 1, p. 2; *see also* Bkr. Doc.[1] 63, p. 1]. On November 18, 2020, Mr. Byrnes initiated two adversary proceedings in the federal bankruptcy court, [*See* Doc. 1, p. 2; *see also* Bkr. Doc. 63, p. 2], which were consolidated on January 15, 2021. [Bkr. Doc. 10].

Mr. Byrnes filed his amended complaint on February 10, 2021 [Bkr. Doc. 22], containing two counts. Mr. Byrnes first asserted claims of defamation and intentional infliction of emotional distress, requested jury trial, and asked that any judgment thereon be declared nondischargeable. [*Id.*, p. 4; *see also id.*, pp. 12-17]. In count two, Mr. Byrnes sought an order declaring Ms. Byrnes' various contract and domestic support obligations nondischargeable, including Ms. Byrnes' contractual obligations imposed by the HUD reverse mortgage. [*Id*, pp. 4-8 (incorporating by reference Bkr. Doc. 1, pp. 11-12)]. Mr. Byrnes demanded a jury trial of all issues so triable and did not consent to the bankruptcy court hearing and determining this Contested Matter. [Doc. 3; Bkr. Doc. 43; *see* Bkr. Doc. 22, p. 4].

On March 3, 2021, Mr. Byrnes filed a Motion for Withdrawal of Reference in the federal court. [Doc. 1]. Ms. Byrnes responded on April 14, 2021, and Mr. Byrnes replied on April 19, 2021. [Docs. 2, 4].

In this Motion, Mr. Byrnes raises two grounds for withdrawal of the reference. First, he argues that the Court should withdraw the reference for cause because he requested jury trial and a bankruptcy court may not conduct a jury trial without consent of all parties. [Doc. 1, p. 5; *see also* Doc. 3; Bkr. Doc. 43]. Mr. Byrnes additionally argues that the Court is required to withdraw

---

[1] All citations to "Bkr. Doc." refer to documents filed in the companion bankruptcy adversary proceeding: No. 20-1070-t.

the reference because the HUD reverse mortgage obligation requires consideration of federal law. [Doc. 4, p. 6].

On October 27, 2021, Mr. Byrnes filed a Motion to set a Date for a District Court Pre-Trial Conference and for Related Relief (Rule 16) [Doc. 22]. Ms. Byrnes responded on November 4, 2021. [Doc. 23].

## II.  STANDARD

28 U.S.C. § 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

## III.  ANALYSIS

### a.  Mandatory Withdraw of the Reference

The district court shall withdraw a proceeding from the bankruptcy court "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States." 28 U.S.C. § 157(d). Mandatory withdrawal is reserved for cases "where substantial material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Potter v. Friedlander* (*In re* Potter), No. 12-cv-752 MV/RHS, 2012 WL 13071965, at *2 (D.N.M. Nov. 13, 2012) (citing *Franklin Sav. Assoc. v. Office of Thrift Supervision*, 150 B.R. 976, 979-80 (D. Kan. 1993)) (internal citation and modification omitted). "Importantly, withdrawal is mandatory only when a determination of issues requires significant interpretation of federal non-bankruptcy law." *Id.* (citing *Cook v. Eastern Savings Bank* (*In re* Cook), No. 09-803, 2010 WL 174737, *2 (D.N.M. April 19, 2010)) (internal citation and emphasis omitted).

Mr. Byrnes' only claim that arguably relates to federal statutes is the HUD reverse mortgage obligation. [*See* Bkr. Doc. 22]. Mr. and Ms. Byrnes obtained a HUD reverse mortgage on their marital property as Home Equity Conversion mortgage ("HECM") borrowers. [*Id.*, pp. 6-7]. Mr. Byrnes currently resides on the marital property and alleges that Ms. Byrnes is obligated to service the mortgage in order to avoid a default and foreclosure of the mortgage and forced sale of the martial residence. [*See Id.*, pp. 5-6]. Mr. Byrnes argues that consideration of federal law is required because it "defines the contractual obligations that the debtor assumed as a borrower on the reverse mortgage contract. Federal case law defines the obligations that were created between Plaintiff and Defendant when they signed the reverse mortgage contract." [Doc. 4, p. 6].

The crux of mandatory withdrawal is significant interpretation of federal non-bankruptcy law. *See Potter*, 2012 WL 13071965, at *2. Mr. Byrnes does not show, nor is it obvious, that significant interpretation of federal non-bankruptcy law is required to resolve this issue. The central issue relating to the HUD reverse mortgage obligation is dischargeability. [*See* Bkr. Doc. 1, p. 11; Bkr. Doc. 22, p. 5-7]. Mr. Byrnes does not provide any authority showing the dischargeability issue categorically requires significant interpretation of federal non-bankruptcy law nor does he explain why the HUD reverse mortgage obligation requires significant interpretation of federal non-bankruptcy law. Because Mr. Byrnes has not shown significant interpretation of federal non-bankruptcy law is required, withdrawal of the reference is not mandatory.

### b. Permissive Withdraw of the Reference

The district court may withdraw of a reference to bankruptcy court for cause shown. *See* 28 U.S.C. § 157(d). The moving party bears the burden to show cause, and courts have broad discretion over whether to permit withdrawal of the reference. *Cook*, 2010 WL 1734737 at *3

(internal citation omitted). Courts have considered the following factors in determining whether cause is shown: "(1) whether the proceeding is core or noncore; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand." *Samson Res. Co. v. Valero Mktg. & Supply Co.*, 449 B.R. 120, 132 (D.N.M. 2011) (citing *Cook*, 2010 WL 1734737, at *3).

### i)   Core or Noncore

28 U.S.C. § 157(b)(2) provides a nonexhaustive list of core proceedings, which are "proceedings which have no existence outside of bankruptcy." *In re Vaughan*, 2015 WL 13666987, at *2 (D.N.M. Jan. 28, 2015) (internal citation omitted). Determination as to the dischargeability of a particular debt is an enumerated core proceeding. 28 U.S.C. § 157(b)(2)(I). Section 157(d)(3) provides that "[t]he bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(d)(3).

In the companion bankruptcy case, the bankruptcy judge denied Mr. Byrnes' motion to stay and/or continue the hearing until the district court ruled on the motion to withdraw the reference. [Bkr. Doc. 63]. The bankruptcy judge held that even though "[t]he two counts brought by Mr. Byrnes in this proceeding are distinct[,] [t]he crux of both [] is Mr. Byrnes' request for a judgment that Defendant's obligations to him are nondischargeable under § 523(a). Nondischargeability proceedings are 'core' proceedings." [*Id.*, p. 5]. In other words, the bankruptcy judge believes that Mr. Byrnes' claims are core proceedings.

Core proceedings fall within the expertise of the bankruptcy court and there is a strong preference for resolving them in the bankruptcy court. *Potter*, 2012 WL 13071965, at *3 (citing *In*

*re Wahl*, No. 12-395, 2012 WL 5199630, *3 (N.D. Okla. Oct. 22, 2012)). Even if Mr. Byrnes' claims are "noncore," other factors favor denying immediate withdrawal of the reference. *See Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co.* (*In re* Centrix Fin. LLC), No. 09-cv-01542-PAB-CBS, 2011 WL 63505, at *5 (D. Colo, Jan. 7, 2011) ("Even if the Adversary Proceeding is 'non-core,' defendants have failed to convince the Court that the other relevant factors support an immediate withdrawal of the reference.").

### ii)      Other Factors

Most of the other factors favor denying withdrawal of the reference. Judicial economy and efficiency favor denial because the bankruptcy court has already devoted significant judicial resources to these claims and is familiar with the factual background.[2] Allowing consistent oversight of the proceeding and having pretrial matters proceed in the bankruptcy court without disruption promotes uniformity, discourages forum shopping, and expedites the bankruptcy process. It is also more economical for both parties to continue pursing pretrial matters under the bankruptcy court's supervision without disruption.

### iii)      Right to Jury Trial

Mr. Byrnes' request for jury trial is an important consideration. [*See* Doc. 1, p. 5]. A bankruptcy court may not conduct a jury trial without consent of all parties, and Mr. Byrnes does not consent. [Bkr. Doc. 43]; *See* 28 U.S.C. § 157(e). While a right to a jury trial may constitute cause for permissive withdrawal, *see Centrix Fin. Liquidating Trust*, 2011 WL 63505, at *2 (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)), it is not yet clear that Mr. Byrnes is entitled to a jury trial in this matter. [*See* Bkr. Doc. 63, pp. 5-9]. Mr. Byrnes argues that his tort claims of defamation and intentional infliction of emotional distress must be tried to a jury. [Doc.

---

[2] The bankruptcy court has already held several hearings, issued several orders, and resolved many issues in this case. [*See e.g.* Bkr. Docs. 12, 13, 18, 19, 34, 37, 44, 56, 59, 63, 66, 72, 92, 96, 100, 116].

1, p. 5]. That may not be the case, however, if this is a nondischargeability proceeding where the relief sought is equitable in nature. [*See* Bkr. Doc. 63, pp. 6-7].

The Court does not need to resolve this question now. *See Centrix Fin. Liquidating Trust*, 2011 WL 63505, at *3 (citing *Matter of Lieb*, 915 F.2d 180, 185 (5th Cir. 1990)) (Movant may seek appropriate remedies at the time when the threat to Seventh Amendment rights becomes concrete). Mr. Byrnes' Seventh Amendment rights are not infringed by the bankruptcy court retaining jurisdiction over this matter for pre-trial proceedings. *Id.* at *4. It is within the Court's discretion to determine when to withdraw the reference, and Mr. Byrnes has failed to convince the Court that the relevant factors support immediate action. *See Wagner v. Dreskin* (*In re* Vaughan Co.), No. 13-631 JCH/KK, 2015 WL 13666987, at *7 (citing *Centrix Fin. Liquidating Trust*, 2011 WL 63505, at *4).

Given the bankruptcy court's greater familiarity with the issues, the most efficient approach is to permit the case to stay, at present, in the bankruptcy court. *See Centrix Fin. Liquidating Trust*, 2011 WL 63505, at *6. Therefore, I recommend the Court deny Mr. Byrnes' motion for withdrawal of reference [Doc. 1] without prejudice so that the bankruptcy court may continue to handle the pretrial proceedings in this case. When the proceeding is ready for trial, Mr. Byrnes may refile his motion and the Court can determine which claims, if any, will be tried to a jury.

### c.  Motion for a District Court Pre-Trial Conference

Since I recommend the case stay in the bankruptcy court, the Court should also deny Mr. Byrnes' Motion to set a Date for a District Court Pre-Trial Conference [Doc. 22].

## IV.    **RECOMMENDATIONS**

For the above reasons, I **recommend** that the Court **DENY** Mr. Byrnes Motion for Withdrawal of Reference [Doc. 1] without prejudice. I **further recommend** that the Court **DENY** his Motion to set a Date for a District Court Pre-Trial Conference [Doc. 22].


JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

 **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---