**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

In re
SYLVIA MARIE BYRNES,

      Debtor.　　　　　　　　　　　　　　　　　　　　　Bankr. Adv. No. 20-1070-t

BARRY J. BYRNES,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 1:21-cv-00295-KWR-JHR

SYLVIA MARIE BYRNES,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE ORDER OF REFERENCE TO MAGISTRATE JUDGE AND RELATED RELIEF [DOC. 27]

**THIS MATTER** comes before the Court on Plaintiff Barry J. Byrnes' Motion to Vacate the Order of Reference to Magistrate Judge and Related Relief (FRCP Rule 73) [Doc. 27], filed November 12, 2021. Having thoroughly reviewed the parties' submissions and the relevant law, the Court denies the Motion.

**I.　BACKGROUND**

On October 30, 2020, Sylvia Marie Byrnes filed a petition for relief under Chapter 7 of the Bankruptcy Code, and on November 18, 2020, Mr. Byrnes initiated adversary proceedings against her. [Doc. 1, p. 2; *see also* Bkr. Doc.[1] 63, pp. 1-2]. After some proceedings, Mr. Byrnes filed an amended complaint on February 10, 2021, containing two counts. [Bkr. Doc. 22]. He first asserted claims of defamation and intentional infliction of emotional distress. [*Id.*, pp. 4, 12-17]. In count two, he sought an order declaring Ms. Byrnes' various contract and domestic support obligations

---

[1] All citations to "Bkr. Doc." refer to documents filed in the companion bankruptcy adversary proceeding: No. 20-1070-t.

1

nondischargeable, including Ms. Byrnes' contractual obligations imposed by the HUD reverse mortgage. [*Id.*, pp. 4-8].

Mr. Byrnes then filed a Motion for Withdrawal of Reference on March 31, 2021, asking the Court to withdraw the proceedings from the bankruptcy court. [Doc. 1]. On May 5, 2021, then-presiding Senior District Judge Martha Vazquez referred this case to U.S. Magistrate Judge Jerry H. Ritter "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 7].[2] After briefing, Magistrate Judge Ritter entered proposed findings and a recommended disposition ("PFRD") [Doc. 25] on November 10, 2021, recommending that the Court dismiss the motion without prejudice – leaving the case in the bankruptcy court. [Doc. 25, p. 7].

While the withdrawal motion was pending, the bankruptcy court denied Mr. Byrnes' motion to stay [Bkr. Docs. 63-64], dismissed count two in Mr. Byrnes' amended complaint [Bkr. Docs. 72-73] and denied Mr. Byrnes' motion for additional findings and related relief. [Bkr. Docs. 116-117].

Two days after Magistrate Judge Ritter entered his PFRD, on November 12, 2021, Mr. Byrnes filed this Motion to Vacate the Order of Reference to Magistrate Judge [Doc. 27]. In the motion, Mr. Byrnes accuses Magistrate Judge Ritter of various biases and misdeeds, asks the Court to withdraw the reference to the Magistrate Judge, and asks that Magistrate Judge Ritter be replaced with a different Magistrate Judge. [*See generally id.*].

On January 6, 2022, Mr. Byrnes submitted a "Reply to Defendant's 'Brief on Jurisdictional Issues'" that is "also submitted in support of the Motion to Withdraw the United States District

---

[2] This case was reassigned to the undersigned on March 14, 2022 [Doc. 36], and the undersigned referred this case to Magistrate Judge Jerry H. Ritter "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 38, p. 1].

Court Reference and the Motion to Vacate the Order of Reference to Magistrate Ritter." [Doc. 32]. Based on the Court's review, this brief addresses why he should be entitled to a jury trial in the district court but does not address why the Court should vacate the order of reference to Magistrate Judge Ritter.

II.     ANALYSIS

Mr. Byrnes does not specify any statute or rule as the basis for vacating the order of reference to Magistrate Judge Ritter. [*See* Doc. 27]. Motions to disqualify or recuse a judge generally proceed under 28 U.S.C. § 144 or § 455, and the Court will analyze this Motion under these statutes.[3]

### a.  28 U.S.C. § 144

Section 144 provides a procedure whereby a party may request a judge to recuse himself or herself based upon personal bias or prejudice. 28 U.S.C. § 144. The moving party must submit a timely and sufficient affidavit of personal bias and prejudice. *Id.*; *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997). The moving party also has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (internal citation omitted).

A § 144 affidavit is required for a § 144 claim, and Mr. Byrnes did not submit such an affidavit. For this reason, he is not entitled to relief under 28 U.S.C. § 144.

### b.  28 U.S.C. § 455

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides

---

[3] Based on the Court's review of the record, Mr. Byrnes' Motion is functionally a motion for recusal Judge Ritter. Mr. Byrnes does not provide, nor is the Court aware of, any legal authorities imposing different legal requirements for a motion to vacate the order of reference to Magistrate Judge based on said Magistrate Judge's alleged misconduct compared to a motion for recusal.

3

that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Section 455(a) both expands and duplicates the protection of Section 455(b). *See Liteky v. United States*, 510 U.S. 540, 552 (1994). The standard for § 455 review is objective, and the test is whether "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *American Ready Mix v. Behles*, 14 F.3d 1497, 1501 (10th Cir. 1994) (citing *Hinman v. Rogers*, 831 F.2d 937, 938-39 (10th Cir. 1987) (per curiam)).

For § 144, § 455(a), and § 455(b)(1) claims, the "extrajudicial source" doctrine generally applies. *Liteky*, 510 U.S. at 544-45, 553-54. The alleged bias and prejudice, to be disqualifying, must stem from an extrajudicial source. *Id*. Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters do not satisfy the requirements for disqualification. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993): *see also Bird v. Lampert*, 839 F. App'x 218, 225 n. 3 (10th Cir. 2020) (complaints of adverse rulings and non-rulings are not grounds for recusal). Furthermore, adverse rulings are not a basis for concluding that a judge is biased. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976); *see also United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997).

Mr. Byrnes contends that good cause exists to vacate the order of reference. [Doc. 27, p. 4]. He first complains that Magistrate Judge Ritter has taken no action in furtherance of Judge Vazquez' May 25 referral order until November. [*Id.*]. However, complaints of adverse rulings and non-rulings are not grounds for recusal. *See Bird*, 839 F. App'x at 225 n. 3. Therefore, this complaint is not a ground for recusal.

Mr. Byrnes next accuses Magistrate Judge Ritter exceeded his authority by adopting the bankruptcy judge's ruling on his Motion to Stay and/or Continue Hearing [Doc. 5], Motion to

4

Enlarge time and/or to Extend Dates [Doc. 9], and Motion for Additional Findings and Related Relief. [Doc. 12]. [Doc. 27, pp. 4-5]. These are non-dispositive motions, and a district court is authorized to designate a magistrate judge to consider and determine non-dispositive motions. 28 U.S.C. § 636(b)(1). In the District of New Mexico, "a Magistrate Judge will be assigned as pre-trial Magistrate Judge to preside over all non-dispositive pre-trial matters in accordance with Fed. R. Civ. P. 72(a)" and Magistrate Judge Ritter is assigned as the pre-trial Magistrate Judge in this case. D.N.M.LR-Civ. 73.1(a). Because these are non-dispositive motions, Magistrate Judge Ritter did not exceed his authority to consider and determine these motions, and Mr. Byrnes has cited no legal authority supporting his objection. Fed. R. Civ. P. 7; D.N.M.LR-Civ. 7.3.

Mr. Byrnes then complains that Magistrate Judge Ritter has not ordered a Rule 16 pre-trial conference or "taken any action requested by Plaintiff which is required to preserve Plaintiff's right to trial by jury." [Doc. 27, p. 5]. Once again, complaints of adverse rulings and non-rulings are not grounds for recusal. Furthermore, Mr. Byrnes does not explain how Magistrate Judge Ritter's alleged inaction jeopardized his right to a jury trial. Therefore, these objections are overruled.

Mr. Byrnes also complains that Magistrate Judge Ritter did not provide Judge Vazquez with an advisory opinion on the bankruptcy judge's dismissal order *sua sponte*. [Doc. 27, p. 5]. Mr. Byrnes does not provide, nor is the Court aware of, any legal authorities that require recusal for failure to provide *sua sponte* advisory opinions. Therefore, the Court does find this complaint a ground for recusal.

Mr. Byrnes last says that "Plaintiff must assume that Magistrate Ritter's actions and inactions are purposeful and meant to obstruct and deny Plaintiff's right of due process." [Doc. 27, p. 8]. As explained above, rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion,

5

and similar non-factual matters do not satisfy the requirements for disqualification. *Cooley*, 1 F.3d at 993. Without concrete factual support, this statement is innuendo, suspicion, and opinion. Therefore, it is not a ground for recusal.

The standard for § 455 review is objective, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *American Ready Mix*, 14 F.3d at 1501. Furthermore, the "extrajudicial source" doctrine generally applies. *Liteky*, 510 U.S. at 544-45, 553-54. Mr. Byrnes does not allege any bias and prejudice stem from an extrajudicial source or explain why the extrajudicial source doctrine should not apply. Furthermore, considering Mr. Byrnes' complaints, the record, and all the relevant facts, the Court does not find a reasonable person, knowing all the relevant facts, would harbor doubts about Magistrate Judge Ritter's impartiality. Therefore, Mr. Byrnes is not entitled to relief under 28 U.S.C. § 455.

### III.  CONCLUSION

For the above reasons, Mr. Byrnes is not entitled to relief under either 28 U.S.C. § 144 or 455. Therefore, the Court denies his Motion.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**