# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

In re
SYLVIA MARIE BYRNES,

        Debtor.                                             Bankr. Adv. No. 20-1070-t

BARRY J. BYRNES,

        Plaintiff,

v.                                                     No. 1:21-cv-00295-KWR-JHR

SYLVIA MARIE BYRNES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of U.S. Magistrate Judge Jerry H. Ritter [Doc. 25], entered at then-presiding Senior District Judge Martha Vazquez' request pursuant to 28 U.S.C. § 636(b). [*See* Doc. 7].[1] Also before the Court is Plaintiff Barry J. Byrnes' Motion to Stay Pre-Trial Conference and Related Relief (Bankruptcy Rules 7016 and 9015 and Local Rule 7016) [Doc. 26], filed November 10, 2021. In the PFRD, Magistrate Judge Ritter recommends that the Court 1) dismiss Mr. Byrnes' Motion for Withdrawal of Reference without prejudice, and 2) deny Mr. Byrnes' Motion to Set a Date for a District Court Pre-Trial Conference. [Doc. 25, p. 8]. Mr. Byrnes timely objected, and Defendant Sylvia Marie Byrnes filed a timely concurrence. [Docs. 28, 29]. Having thoroughly considered the objections and pertinent authority, the Court overrules the objections, adopts the

---

[1] This case was reassigned to the undersigned on March 14, 2022 [Doc. 36], and the undersigned referred this case to Magistrate Judge Jerry H. Ritter "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 38, p. 1].

PFRD, dismisses the motion for withdrawal of reference without prejudice, denies the motion to set a pre-trial conference, and denies the motion to stay pre-trial conference.

## I.   BACKGROUND

On October 30, 2020, Ms. Byrnes filed a petition for relief under Chapter 7 of the Bankruptcy Code, and on November 18, 2020, Mr. Byrnes initiated two adversary proceedings against her. [Doc. 1, p. 2; *see also* Bkr. Doc.[2] 63, pp. 1-2]. The two adversary proceedings were consolidated, and Mr. Byrnes filed an amended complaint on February 10, 2021, containing two counts. [Bkr. Doc. 22]. He first asserted claims of defamation and intentional infliction of emotional distress. [*Id.*, pp. 4, 12-17]. In count two, he sought an order declaring Ms. Byrnes' various contract and domestic support obligations nondischargeable, including Ms. Byrnes' contractual obligations imposed by the HUD reverse mortgage. [*Id.*, pp. 4-8].

Mr. Byrnes then filed a Motion for Withdrawal of Reference on March 3, 2021, asking the Court to withdraw the proceedings from the bankruptcy court. [Doc. 1]. He raised two grounds for withdrawal of reference. First, he argued that the Court should withdraw the reference for cause because he requested a jury trial and did not consent to the bankruptcy court hearing the claims. [Doc. 1, p. 5; *see also* Doc. 3; Bkr. Doc. 43]. He next argued that the Court is required to withdraw the reference because the HUB reverse mortgage obligation requires consideration of federal law. [Doc. 4, p. 6]. After Ms. Byrnes responded and Mr. Byrnes replied [Docs. 2, 4], Magistrate Judge Ritter entered a PFRD on November 10, 2021, recommending that the Court dismiss the motion for withdrawal of the reference without prejudice and stay the case in the bankruptcy court because

---

[2] All citations to "Bkr. Doc." refer to documents filed in the companion bankruptcy adversary proceeding: No. 20-1070-t.

Mr. Byrnes 1) has not shown significant interpretation of federal non-bankruptcy law is required 2) nor shown that the relevant factors support immediate withdrawal for cause. [Doc. 25, pp. 4, 7].

On October 27, 2021, Mr. Byrnes filed a Motion to Set a Date for a district Court Pre-Trial Conference and for Related Relief (Rule 16) [Doc. 22]. Magistrate Judge Ritter recommends that the Court deny this motion because he recommends the case remain in the bankruptcy court. [Doc. 25, p. 7].

On November 10, 2021, Mr. Byrnes filed a Motion to Stay Pre-Trial Conference and Related Relief [Doc. 26], asking the Court to stay the bankruptcy court's pre-trial conference.

## II.     STANDARD OF REVIEW

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determinations of those portions of the [PFRD] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall*

3

*v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.") (quoted authority omitted).

### III.   MR. BYRNES' OBJECTIONS

Mr. Byrnes timely objected on November 22, 2021 [Doc. 28]. He first contends that judicial economy favors withdrawal of the reference because 1) the parties are now only required to submit the appropriate form of pre-trial order, 2) bankruptcy rulings regarding jurisdiction are subject to *de novo* review by the district court, and 3) the district court ultimately must decide whether Mr. Byrnes has a right to a jury trial in this case. [*Id.*, p. 10]. Mr. Byrnes also explains why he believes that the "Tenth Circuit will take the position that the Count One tort claims are personal injury tort claims and excepted from discharge by Section 523(a)(6)." [*Id.*, pp. 10-11]. This is a specific objection, and the Court reviews this portion of the PFRD *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

Judicial economy is one of the factors considered for permissive withdrawal of the reference. *See Samson Res. Co. v. Valero Mktg. & Supply Co.*, 449 B.R. 120, 132 (D.N.M. 2011) (internal citation omitted). However, it is just one of the seven factors considered by the Court[3], and it is likely not the most important factor. *See id.*; *Potter v. Friedlander* (*In re* Potter), No. 12-cv-752 MV/RHS, 2012 WL 13071965, at *3 (D.N.M. Nov. 13, 2012) (there is a strong preference for resolving core proceedings in the bankruptcy court). Even assuming arguendo that judicial economy favors withdrawal of the reference, most other factors still favor denying withdrawal of

---

[3] Factors considered are: "(1) whether the proceeding is core or noncore; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand." *Samson Res. Co.*, 449 B.R. 120, 32 (D.N.M. 2011).

the reference.[4] Because judicial economy is just one of the seven factors, and the Court has broad discretion over whether to permit withdrawal of the reference for cause, *Cook v. Eastern Savings Bank* (*In re* Cook), No. 09-803 JCH/CEG, 2010 WL 1734737, at *3 (D.N.M. April 19, 2010), upon *de novo* review, the Court finds that the factors overall favor denying withdrawal of the reference. Therefore, this objection is overruled.

Mr. Byrnes next contends that Magistrate Judge Ritter's report regarding Count Two (claim based on the HUD reverse mortgage obligations) is insufficient and untimely since the bankruptcy judge dismissed Count Two in July 2021. [Doc. 28, p. 12]. Mr. Byrnes says Magistrate Judge Ritter's finding that "significant interpretation of federal non-bankruptcy law is not required to resolve the Count Two claims" is not relevant because Count Two was dismissed in July 2021. [*Id*., p. 15]. Based on the Court's review of the record, Mr. Byrnes never raised the impact of the bankruptcy judge's dismissal before these objections. Mr. Byrnes should know they are relevant because his argument for mandatory withdrawal of reference is based on his HUD reverse mortgage obligation (count two). [*See* Doc. 25, pp. 3-4; Doc. 4, p. 6; Bkr. Doc. 22, pp. 5-7]. Issues raised for the first time in objections, rather than before the magistrate judge, are deemed waived. *Marshall*, 75 F.3d at 1426. Because Mr. Byrnes raised this issue for the first time in objections, the Court overrules it as procedurally waived.[5]

---

[4] As explained by Magistrate Judge Ritter in the PFRD, the bankruptcy judge believes that Mr. Byrnes' claims are core proceedings, and most other factors favor denying withdrawal of the reference. [*See* Doc. 25, pp. 5-6].

[5] Mr. Byrnes also raises numerous other issues, e.g. that the federal court has both jurisdiction over personal injury tort claims and can apply bankruptcy law [*see* Doc. 28, pp. 8-9], but none are specific to the factual and legal issues actually in dispute. The Court only reviews specific and timely objections, all other objections are waived. *See* 28 U.S.C. § 636(b)(1)(C); *but see e.g., Pablo v. Social Security Admin.*, No. CIV 11-0132 JB/ACT, 2013 WL 1010401, at *4 (D.N.M. Feb. 27, 2013) (unpublished) (reviewing other objections to determine if the PFRD was clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion). Here, the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Therefore, to the extent other objections were raised, the Court overrules them.

## IV.     MOTION TO STAY PRE-TRIAL CONFERENCE

Because the Court overrules the objections, dismisses the motion for withdrawal of the reference, and keeps the case in the bankruptcy court, the Court also denies Mr. Byrnes' motion to stay pre-trial conference. [Doc. 26].

## V.     CONCLUSION

For the above reasons, the Court hereby:

1)  **overrules** Mr. Byrnes' objections [Doc. 28];

2)  **adopts** Magistrate Judge Ritter's PFRD [Doc. 25];

3)  **dismisses** Mr. Byrnes' Motion for Withdrawal of Reference [Doc. 1] **without prejudice**;

4)  **denies** Mr. Byrnes' Motion to Set a Date for a District Court Pre-Trial Conference [Doc. 22]; and

5)  **denies** Mr. Byrnes' Motion to Stay Pre-Trial Conference and Related Relief [Doc. 26].

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**