# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In re:

SYLVIA MARIE BYRNES,

    Debtor.                                                  No. 20-12086-t7

BARRY J. BYRNES,

    Plaintiff,

                                                                   Adv. Proc. 20-1070-t

    v.                                                   Dist. Ct. No. 1:21-cv-00295-KWR-JHR

SYLVIA MARIE BYRNES,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court upon Plaintiff's[1] Motion with Supporting Affidavit, Memorandum of Law, [and] Request for Certification **(Doc. 45).** In this proceeding, Plaintiff asked the Court to withdraw the bankruptcy reference, which the Court denied. Plaintiff now moves for the Court to reconsider that decision. The Court denies Plaintiff's motion to reconsider for the following reasons:

- Plaintiff did not show that reconsideration was appropriate; and

- Plaintiff's motion to withdraw reference of the adversary proceeding is moot because Judge Thuma entered final judgment in the adversary proceeding. Plaintiff filed an appeal of that final judgment, which is currently before Judge Herrera.

It is therefore ordered that Plaintiff's motion for reconsideration is **DENIED.** Plaintiff's remaining motions **(Docs. 52, 53)** are also denied without prejudice.

---

[1] Although Plaintiff appears *pro se*, he was a practicing lawyer and is now on inactive status in New Mexico.

**I.      The motion to reconsider denial of the motion to withdraw reference is moot.**

This case appears before the Court on Plaintiff's motion to withdraw the bankruptcy reference as to an adversary proceeding (Adv. Proc. 20-1070-t) before Bankruptcy Judge David T. Thuma.  See **Doc. 1.**  The Court referred the motion to Magistrate Judge Jerry Ritter for proposed findings and recommended disposition.  Judge Ritter recommended that the motion be denied, and Plaintiff objected to Judge Ritter's PFRD.  The Court conducted a *de novo* review, overruled those objections, and denied Plaintiff's motion to withdraw the bankruptcy reference.

Now, Plaintiff requests the Court reconsider that decision.  However, after the Court denied the motion to withdraw reference, Judge Thuma entered final judgment in the adversary proceeding, and Plaintiff appealed that final judgment.  *See* Adv. Proc. 20-1070-t (Bankr. D.N.M); *Byrnes v. Byrnes*, 22-cv-426 JCH (D.N.M.) (bankruptcy appeal filed June 6, 2022).

"A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.*), 236 F.3d 1246, 1254 (10th Cir.2001), *quoted in Lundahl v. Robbins*, 129 F. App'x 478, 479 (10th Cir. 2005).  "A bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw the reference as to that adversary proceeding pursuant to 28 U.S.C. § 157." *In re Garden Fresh Restaurants, LLC*, No. 21-CV-1440 JLS (KSC), 2022 WL 410942, at *1 (S.D. Cal. Feb. 10, 2022), *citing In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) (dismissing a motion to withdraw the reference as moot where the bankruptcy court had dismissed the underlying adversary proceeding while the motion was pending); *In re Eze*, No. CV 17-11054-IT, 2017 WL 4212338, at *2 (D. Mass. July 6, 2017) (same); *In re Szanto*, No. 13-BK-51261-BTB, 2014 WL 4636340, at *1 (D. Nev. Sept. 16, 2014)(same);  *Revere Copper and Brass, Inc. v. Acushnet Co.*, 172 B.R. 192, 195 (S.D.N.Y.1994) ("[P]laintiffs are obviously correct that an affirmative decision

on the dismissal motion pending in the Bankruptcy Court would moot the § 157(d) motion presently here"); *In re N & H Invs. LLC*, No. AP 15-05058, 2015 WL 5231577, at *2 (Bankr. N.D. Cal. Sept. 3, 2015) (remand of adversary proceeding to state court rendered motion to withdraw reference moot); *see also Lundahl v. Fireman's Fund Ins. Co.,* 129 F. App'x 479, 480 (10th Cir. 2005) (holding that the motion to withdraw the reference was moot because the bankruptcy proceeding had been remanded and, therefore, there was no bankruptcy matter); *Lundahl v. Robbins*, 129 F. App'x 478, 478–79 (10th Cir. 2005) (same).

Here, the Court concludes that Plaintiff's motion to reconsider the denial of his motion to withdraw the reference is moot. After the Court denied the motion to withdraw the reference, Judge Thuma entered a final judgment dismissing the adversary proceeding. The Court therefore can no longer withdraw the reference. In this proceeding in the district court, Case No. 21-cv-295, this Court does not have appellate jurisdiction to overturn the final judgment in the adversary proceeding. Plaintiff has filed an appeal of the final judgment. *See Byrnes v. Byrnes*, 22-cv-426 JCH/GBW (D.N.M).

Plaintiff admitted that the motion to withdraw reference was moot as to Count Two, because Judge Thuma had dismissed that claim earlier in the adversary proceeding. **Doc. 28 at 15.**

Therefore, the Court denies Plaintiff's motion to reconsider as moot.

II. **Alternatively, Plaintiff has not shown grounds to reconsider the denial of the motion to withdraw the reference.**

Alternatively, only to the extent the motion to reconsider is not moot, the Court would not reconsider its order denying Plaintiff's motion to withdraw the bankruptcy reference.

Although Plaintiff has repeatedly attempted to expand the scope of this proceeding, this proceeding is in fact of limited nature. Plaintiff sought to withdraw the bankruptcy reference. *See* **Doc. 1**. At issue is whether the Court erred in denying Plaintiff's motion to withdraw the reference. The Court concludes it did not err.

The Court notes that Plaintiff's objections to Judge Ritter's PFRD were limited. Plaintiff objected as follows to Judge Ritter's PFRD. *See* **Doc. 28** (Plaintiff's objections). First, he asserted that the reference should be withdrawn based on judicial economy and his right to a jury trial. **Doc. 28 at 10-11**. Second, he asserted that Judge Ritter erred in not "timely" issuing a PFRD.

Initially, the Court must decide which standard applies to Plaintiff's motion to reconsider. Plaintiff asserts that Fed. R. Civ. P. 59(e) applies. *See* **Doc. 51**. The Federal Rules of Bankruptcy Procedure apply to this case. Fed. R. Bank. P. 1001; *See also* D.N.M.LR-Civ. 1.6(a) ("the local rules of the United States Bankruptcy Court for this District govern practice and procedure in all bankruptcy matters except appeals."). However, an order denying a motion to withdraw reference is an interlocutory order, even when the district court opens and closes a case to adjudicate that motion.[2] *In re Dalton*, 733 F.2d 710, 714 (10th Cir. 1984); *Behrends*, 668 F. App'x 832, 833 (10th Cir. 2016) (district court order denying motion to withdraw reference and closing district court case was interlocutory order). Because this is an interlocutory order, neither the Bankruptcy Rules (9023) nor the Federal Rules of Civil Procedure (Fed. R. Civ. P. 59 or 60), apply to this motion.

However, the Court has discretion to reconsider an interlocutory order. *Been v. O.K. Indus.*, 495 F.3d at 1225. A motion to reconsider an interlocutory order "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v.*

---

[2] The Court denied Plaintiff's motion to withdraw the reference and simultaneously entered a judgment dismissing the case in the district court, 21-cv-295, which solely involved the motion to withdraw reference. Nothing in the order (Doc. 42) or judgment (Doc. 43) indicated the undersigned dismissed the adversary proceeding.

4

*Boulder Plaza Residential, LLC,* No. 06–cv–00037–PAB–CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010). The Court generally exercises its discretion and finds the Rule 59(e) framework (applicable in the bankruptcy context under Fed. R. Bank. P 9023) useful when considering a motion to reconsider an interlocutory order.

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."). "Clear error is '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *Etherton v. Owners Ins. Co.*, No. 10-cv-00892-PAB-KLM, 2013 WL 5443068, at *1 (D. Colo. Sept. 30, 2013), *aff'd*, 829 F.3d 1209 (10th Cir. 2016) (quoting *United States v. Farr*, 701 F.3d 1274, 1286 (10th Cir. 2012)).

Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion ... Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (citations omitted). The Court finds that applying this standard would not prejudice Plaintiff, as he asserts Rule 59(e) applies. *See* **doc. 51 at 1.**

Plaintiff does not argue that there was new evidence previously unavailable or an intervening change of controlling law.  Rather, Plaintiff appears to argue that the Court erred in denying the motion.  The Court finds it did not commit clear error.

Withdrawal of the reference to the bankruptcy court under § 157(d) may be either mandatory or permissive. Subsection 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The district court may withdraw of a reference to bankruptcy court for cause shown. *Id.*  The moving party bears the burden to show cause, and courts have broad discretion over whether to permit withdrawal of the reference. *Cook v. Eastern Savings Bank* (*In re* Cook), No. 09-803, 2010 WL 174737, *3 (D.N.M. April 19, 2010).  Courts have considered the following factors in determining whether cause is shown: "(1) whether the proceeding is core or noncore; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand." *Samson Res. Co. v. Valero Mktg. & Supply Co.*, 449 B.R. 120, 132 (D.N.M. 2011) (citing *Cook*, 2010 WL 1734737, at *3).

Plaintiff asserts that he had a right to a jury trial, and his right to a jury trial required that the bankruptcy reference be withdrawn to the district court.  He also asserts that judicial economy favored withdrawal of the reference.  As the Court explained in its order, Plaintiff does not cite to any case law stating that the Court was required to withdraw the reference at that time because of his jury trial right.  Even assuming there was a jury trial right, the Court need not withdraw the reference at that time, as the bankruptcy court may still address pretrial matters.  *In re Kirk E.*

*Douglas, Inc.*, 170 B.R. 169, 170 (D. Colo. 1994), *citing City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.,* 125 B.R. 645, 646 (N.D.Ala.1989).

Moreover, the Court analyzed the permissive withdrawal factors and concluded that withdrawal was not appropriate at that time. Plaintiff did not challenge Judge Ritter's balancing of the factors. **Doc. 25 at 5** (Judge Ritter's analysis of factors); **Doc. 42 at 5** (noting that Plaintiff did not challenge the balancing of those factors). Plaintiff does not analyze whether the balancing of those factors was incorrect, and the Court, conducting a *de novo* review, agreed with the balancing. Even assuming, without deciding, that Plaintiff was correct that he had a jury trial right, this matter did not proceed to jury trial. Rather, the case was adjudicated based on pretrial matters.[3]

Next, Plaintiff requests the Court conduct a de novo review of the dismissal of Count Two, which occurred before final judgment was entered. As explained below, the matter before the Court is whether the bankruptcy reference should be withdrawn. *See* **Doc. 1.** Plaintiff has not shown it is appropriate for the Court to conduct a de novo review of the dismissal of Count Two in this matter. An appeal of the final judgment is pending before Judge Herrera. *See Byrnes v. Byrnes,* 22-cv-426 (D.N.M).

Plaintiff also requests that the Court vacate the referral of this proceeding to Judge Ritter. He appears to assert that referral was inappropriate, and requests the Court conduct a *de novo* review. Plaintiff does not cite to any rule, statute, or law asserting that referral to Judge Ritter was inappropriate. *See* **doc. 45 at 18-19**

In any event, referral was appropriate and the Court has conducted a *de novo* review, focusing on Plaintiff's objections to Judge Ritter's proposed findings and conclusions of law. District Judges may refer motions to Magistrate Judges for proposed findings and a recommended

---

[3] Plaintiff argues that Judge Thuma did not have jurisdiction to enter a final judgment. Whether a final judgment or PFRD was appropriate to adjudicate the adversary proceeding is outside the scope of this ruling.

disposition pursuant to 28 U.S.C. § 636. The Court conducts a *de novo* review of the issues raises by the parties in their objections, which is appropriate to "further define and focus the issues." *Hall v. Vance*, 887 F.2d 1041, 1046 (10th Cir. 1989) (referral to magistrate judge appropriate to define and focus issues on appeal and if district court reserves final decision for itself); *see also Derringer v. Chapel*, 279 F. App'x 641, 644 (10th Cir. 2008); *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).  The undersigned conducted a *de novo* review and used Judge Ritter's PFRD to further define and focus the issues.

Therefore, the Court concludes that reconsideration is not appropriate.

### III.     Matters outside scope of Motion to Withdraw Bankruptcy Reference.

Plaintiff apparently sought to use this proceeding in the district court as an open tab, seeking district court review of various decisions by Judge Thuma as they arose without obtaining leave to interlocutory appeal from the bankruptcy court.  For example, in the pendency of this case (21-cv-295) in the district court, Plaintiff sought *de novo* review of Judge Thuma's dismissal of Count Two, apparently without obtaining leave to file an interlocutory appeal.  **Doc. 45 at 16**; *see* Fed. R. Bank. P. 8004 (procedure for seeking interlocutory appeal). In his motion to reconsider, Plaintiff asserts that the Court erred in not conducting a *de novo* review of Judge Thuma's dismissal of Count Two.  Count Two was dismissed after he filed this motion to withdraw reference.  In two motions, Plaintiff also challenged monetary sanctions awarding Defendant attorneys' fees. *See* **Docs. 52, 53.**

As explained above, the matter before the undersigned is limited to withdrawal of the reference.  *See* **Doc. 1**. The Court disregards matters which are outside the scope of the motion to withdraw reference. Moreover, Plaintiff has not shown that these ancillary matters were appropriately before the undersigned in this case (21-cv-295).  For example, the Federal Rules of

Bankruptcy Procedure set out how to file interlocutory appeals, and Plaintiff has not demonstrated that he followed those rules. *See* Fed. R. Bank. P. 8004 (procedure for seeking interlocutory appeal). In one motion, Plaintiff sought interlocutory review of Rule 37(a) sanctions. *See* **Doc. 53**. The United States Bankruptcy Appellate Panel of the Tenth Circuit already rejected interlocutory review of that ruling. *See Byrnes v. Byrnes*, BAP Appeal No. 21-30, Doc. 13 (10th Cir. BAP August 24, 2021); *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (The objective of Rule 37 "is the prevention of delay and costs to other litigants caused by the filing of groundless motions. . . . To permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process). Now that Judge Thuma entered final judgment in the adversary proceeding, Plaintiff has appealed that final judgment. *See Byrnes v. Byrnes,* 22-cv-426 JCH (D.N.M). The proceeding before the undersigned is not an appeal, but merely a motion to withdraw the bankruptcy reference. Plaintiff's challenges to Judge Thuma's rulings are more appropriately addressed in an appeal, assuming they were properly preserved. Therefore, the Court will disregard matters not properly before the undersigned in this case (21-cv-295), and deny without prejudice the two pending motions seeking review of Judge Thuma's monetary sanctions. **Docs. 52, 53.**

      Moreover, the title of Plaintiff's motion includes the word "certification." At the end of Plaintiff's motion, he summarily asks the Court to certify an interlocutory appeal to the Tenth Circuit. However, Plaintiff does not explain why certification is appropriate, argue for certification in his motion, set out the certification standard or analyze the issue. Therefore, the Court declines to rule on certification.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion with Supporting Affidavit, Memorandum of Law, Request for Certification **(Doc. 45)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Affidavit for Attorney's Fees **(Doc. 52)** is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Protective Order and For Sanctions and Related Relief **(Doc. 53)** is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**